UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LEE CHRISTMAS,

    Plaintiff,

v.                                                Case No: 8:17-cv-1183-KKM-SPF

CORIZON HEALTH SERVICES, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Remove Case from April 20, 2021 Trial Docket (Doc. 142),[1] and Plaintiff's Response in Opposition (Doc. 143). In the Case Management and Scheduling Order (Doc. 140), the Court set this case for trial with a date certain of April 20, 2021, at 9:00 a.m. after holding a scheduling conference to discuss potential trial dates. Defendants now ask this Court to postpone the trial citing the continuing risk of the coronavirus pandemic and its effect on Defendants' constitutional rights. Because the Court has taken precautions to ensure that trial may

---

[1] The Defendants also filed a Notice of Trial Conflict (Doc. 141) informing the Court that Defendants' counsel has a case on the April trial docket before Judge Brian J. Davis, *Gaines v. Inch*, No. 3:18-cv-1332-BJD-PDB. To the extent Defendants' motion is premised on a trial conflict, it is denied as premature because the same motion asking for a continuance is pending before that Court and there is no date certain such that a conflict will necessarily ensue. *See* Motion to Remove Case from April 5, 2021 Trial Docket, Doc. 137, *Gaines v. Inch*, No. 3:18-cv-1332-BJD-PDB (M.D. Fla. Mar. 8, 2021).

1

be conducted safely and because Defendants failed to raise these concerns when COVID-related procedures were discussed at the Case Management Conference held on March 3, 2021, the Court finds that Defendants have not demonstrated good cause to continue the trial and denies the motion. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Middle District of Florida has closely monitored the ongoing coronavirus pandemic for the past year, continuously weighing the risks of continued court operation, reevaluating what is known about the threat of the disease, and making efforts to provide access to the judicial system in a manner that is safe for litigants and court employees. *See Coronavirus and Email Filing Information*, U.S. Dist. Ct. Middle Dist. of Fla., https://www.flmd.uscourts.gov/coronavirus-and-email-filing-information; *see also* District Court's Address to the Petition for Writ of Mandamus, *In re Lasane*, No. 20-13171-D, at 7–8 (11th Cir.) (detailing the precautions taken by the Middle District of Florida to address the COVID-19 threat). Specifically, the Tampa Division has ordered special protocols for all persons entering the courthouse, including temperature checks, face coverings, and social distancing measures. *See* Order, 8:20-mc-20-T-23 (M.D. Fla. Sept. 14, 2020). The Court has retained a University of Florida epidemiologist to advise on the continuing risks posed by the coronavirus. In consultation with this expert, Chief Judge Corrigan informed the Court that it was safe to conduct jury trials beginning March 1, 2021. Indeed, two civil jury trials have proceeded safely to verdict without incident or problem in the Tampa Division over

the course of the last few weeks. *See* 5:19-cv-0007-JSM-PRL, (M.D. Fla.); 8:19-cv-2844-JSM-AEP (M.D. Fla.). Many more jury trials are expected to commence in the Tampa Division in the upcoming six weeks before the instant trial is scheduled. And as thoroughly explained at the case management conference held on March 3, 2021, the Court has implemented special protocols in addition to the ones required by the above-mentioned standing order, including prescreening potential jurors through questionnaires, obtaining plexiglass barriers to separate jurors, social distancing jurors in the courtroom, and obtaining individually wrapped meals for jurors.

Given the abundance of precaution taken by the Court to ensure the safety of all participants, the Court finds that the risks of the ongoing pandemic do not justify a continuance at this time. Further, in the absence of Defendants alleging that the Court's protocols for trial during the ongoing pandemic infringe a specific constitutional right that outweigh Plaintiff's right to a jury trial, the Court sees no constitutional justification for a continuance. Rather, the Court is concerned that additional delay is prejudicial to Plaintiff who commenced this action nearly four years ago. This concern is especially compounded by the fact that, while Defendants seem to anticipate that trial could safely resume in August, there is no guarantee that the pandemic will have subsided to a level that meets Defendants' standards—whatever those unidentified standards may be. "What the district court can do—and has done—is to take every reasonable precaution to enhance everyone's safety, while balancing" the interests of justice. District Court's Address to the Petition for Writ of Mandamus, *In re Lasane*, No. 20-13171-D, at 16. If

3

Defendants have specific requests related to the Court's COVID protocols, they may renew their motion wherein they address those concerns with particularity. Accordingly, it is ORDERED:

1. Defendants' Motion to Remove Case from April 20, 2021 Trial Docket (Doc. 142) is **DENIED WITHOUT PREJUDICE**.

2. Parties shall comply with all deadlines in the Case Management and Scheduling Order (Doc. 140).

**ORDERED** in Tampa, Florida, on March 9, 2021.

*[signature]*

Kathryn Kimball Mizelle
United States District Judge