UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LEE CHRISTMAS,

    Plaintiff,

v.                                        Case No: 8:17-cv-1183-KKM-SPF

CORIZON HEALTH SERVICES, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings, Doc. 159, and Plaintiff's Motion to Strike Defendants' Motion for Judgment on the Pleadings, Doc. 163. Because trial is scheduled to begin in three weeks and the dispositive motions deadline has long passed, the Motion for Judgment on the Pleadings is denied as untimely and the Motion to Strike is denied as moot.

Plaintiff, a pretrial detainee at Polk County Jail, filed this case on May 18, 2017. Doc. 1. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Doc. 10 at 3. Plaintiff filed an amended complaint on August 31, 2017, Doc. 10, which Defendants answered on July 11, 2018, Doc. 46. After the initial close of discovery, Defendants filed a motion for summary judgment on January 11, 2019. Doc. 65. Defendants' motion for summary

judgment was denied on September 9, 2019, with leave to file an amended motion for summary judgment, Doc. 98, which they did on October 11, 2019, Doc. 105. The Court denied-in-part and granted-in-part the second motion for summary judgment on June 17, 2020. Doc. 116. The Court dismissed the claims against Corizon Health Services; limited the timeframe of Plaintiff's claim against Dr. Rodriguez and Dr. Gomez to after December 1, 2016, and before November 6, 2017; and appointed counsel for Plaintiff. Docs. 116 & 117. On August 19, 2020, the Court granted Plaintiff's motion to reopen discovery and ordered parties to complete discovery by December 18, 2020. Doc. 129.

At a case management conference on March 3, 2021, the Court determined that this case was ready to proceed to trial. Doc. 140 at 1. Defendants' counsel nonetheless indicated that he intended to file a motion for judgment on the pleadings. The Court entered its Case Management and Scheduling Order later the same day, setting a date certain for trial of April 20, 2021, and advising the parties that any such motion for judgment on the pleadings would be "woefully untimely." Doc. 140 at 1–2. At that point, the pleadings had been closed for nearly three years and adjudication of the motion would almost certainly delay trial. *Id.* Disregarding that order, Defendants filed the Motion for Judgment on the Pleadings on March 18, 2021. Doc. 159.[1]

To consider the motion, the Court *must* convert it to a motion for summary judgment. Fed. R. Civ. P. 12(d) (requiring conversion when "matters outside the

---

[1] Notably, Defendants filed the motion for judgment on the pleadings after the Court denied their motion to continue the trial. *See* Doc. 146.

2

pleadings are presented to and not excluded by the court"). Defendants' motion is primarily based upon evidence obtained in the reopened discovery period, including depositions and hospital records. *See* Docs. 152–55; *Latecoere Int'l, Inc. v. United States Dep't of the Navy*, 19 F.3d 1342, 1356–57 (11th Cir. 1994) (concluding that the district court was required to treat a 12(c) motion as a summary judgment motion where the district court considered depositions and documents outside the pleadings). The conversion of the motion would amount to Defendants' third motion for summary judgment.

The Court denies Defendants' motion as untimely because it would unquestionably delay trial. Federal Rule of Civil Procedure 12(c) permits that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Local Rule 3.01(c), a party may respond within twenty-one days to a motion for judgment on the pleadings. Currently, Plaintiff must respond no later than April 8, 2021, the day before the scheduled final pretrial conference and less than two weeks before the first day of trial, scheduled for April 20, 2021. Worse yet, because the motion must be converted to a motion for summary judgment, Local Rule 3.01(d) permits Defendants a reply. As such, the motion will not even be ripe for this Court's review before the date trial is scheduled to commence, thereby inevitably delaying trial. *See McBride v. Coats*, No. 8:06-cv-1490-T-24EAJ, 2007 WL 4463595, at *1 (M.D. Fla. Dec. 17, 2007) (Bucklew, J.) (denying a motion for judgment on the pleadings as untimely where the defendant filed the motion a month

3

before the trial term and one week before the final pretrial conference); *see also King v. Akima Glob. Servs.*, 775 F. App'x 617, 620 n.1 (11th Cir. 2019) (concluding a 12(c) motion was not untimely when made four months before trial); *Riggins v. Walter*, 279 F.3d 422, 427 (7th Cir. 1995) (affirming denial of a Rule 12(c) motion as untimely when a party moved for judgment on the pleadings "[m]ore than twenty-six months after the close of pleadings, twenty months after the dispositive motions deadline and two weeks after the final pretrial order"). Finally, the motion is untimely because Defendants never sought to modify the case schedule. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). This Court previously set a deadline to file dispositive motions as October 11, 2019. Doc. 102. A motion for judgment on the pleadings, while not as frequently used, is a dispositive motion. *See Ray v. Ford Motor Co.*, No. 3:07cv175–WHA–TFM, 2011 WL 6440521, at *1 (M.D. Ala. Dec. 22, 2011) ("This court ordered in the Second Amended Scheduling Order that all dispositive motions shall be filed no later than April 9, 2009. A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is such a motion." (citation omitted)). Accordingly, to file the instant motion consistent with the Federal Rules of Civil Procedure, Defendants must have shown good cause for amending the case schedule and obtained leave from the Court. They did neither. Instead, Defendants disregarded the Court's order advising them that such a motion would delay trial. Doc. 140 at 1. Given the lateness of the hour, the Court will not afford Defendants another

chance to obtain summary judgment when they cannot establish good cause for their delay.

But the parties should not interpret the Court's denial as a reflection of the merits of the motion. A comparison of Defendants' Amended Motion for Summary Judgment and Motion for Judgment on the Pleadings reveals that there were significant arguments on behalf of Dr. Gomez and Dr. Rodriguez that could have been made at the summary judgment stage (or after the close of reopened discovery) and that Defendants bring to the Court's attention for the first time now. *Compare* Doc. 105 at 9–10, *with* Doc. 159 at 14–16. Thus, the denial of the motion on timeliness grounds in no way precludes Defendants from making a Rule 50 motion at trial. In their response to Plaintiff's motion to strike, Defendants claim that only two discreet issues remain. Doc. 167 at 3. If new discovery has narrowed the legal issues so significantly, the Court expects that trial should likewise be focused.

In sum, the Court denies Defendants' motion solely on timeliness grounds and for failure to secure amendment to the case schedule as required under Rule 16(b)(4).

Accordingly, the following is **ORDERED**:

1. Defendants' Motion for Judgment on the Pleadings, Doc. 159, is **DENIED**.

2. Plaintiff's Motion to Strike Defendants' Motion for Judgment on the Pleadings, Doc. 163, is **DENIED as moot**.

3. Parties shall abide by the deadlines and procedures set forth in the Case Management and Scheduling Order, Doc. 140.

**ORDERED** in Tampa, Florida, on March 29, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge