UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LEE CHRISTMAS,

    Plaintiff,

v.                                                       Case No: 8:17-cv-1183-KKM-SPF

LUIS RODRIGUEZ-COLON and
MARGIE GOMEZ,

    Defendants.
_____/

**ORDER**

This action came before the Court for a trial by jury from April 20, 2021, to April 22, 2021. The issues have been tried and the jury has rendered its verdict in favor of Plaintiff Rickey Christmas. At trial, Defendants Luis Rodriguez-Colon and Margie Gomez moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) following Plaintiff's announcement that he rested his case. The Court took the motion under advisement, and now denies the motion.

In their oral motion, Defendants argued that there was no evidence that Dr. Rodriguez acted with deliberate indifference to Plaintiff's serious medical needs because Plaintiff received pain medication and did not manifest a substantial risk of harm until October 2017—when Dr. Rodriguez ordered further treatment. Further, Defendants argued that there was no evidence to support a finding of supervisory liability against

Margie Gomez because she did not sign off on any treatment of Plaintiff and there was no causation between her actions and Dr. Rodriguez's action. Plaintiff contended that there was ample evidence that Dr. Rodriguez knew of the severe pain that Plaintiff was experiencing and of the condition of his hernias and colostomy and did nothing for him other than authorize prescriptions for Tylenol. Plaintiff also submitted that there was evidence that he was seen by Dr. Gomez, that she refused to treat his pain, that Dr. Gomez had final responsibility for the policies of the jail healthcare system, and that Plaintiff was told that their policy was not to treat chronic pain or nonemergency surgeries.

Viewing the evidence and drawing all reasonable inferences in the light most favorable to the non-movant (Plaintiff here), there was a sufficient evidentiary basis for a reasonable jury to find for the Plaintiff against Dr. Rodriguez. *See Williams v. First Advantage LNS Screening Sols., Inc.*, 947 F.3d 735, 744 (11th Cir. 2020). Plaintiff presented evidence for a jury to find that he had a serious medical need, that Dr. Rodriguez was deliberately indifferent to that need, and that his indifference caused Plaintiff's injury. *See Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). Specifically, Plaintiff presented evidence that he complained of severe pain for months due to his previous gunshot wound and its aftermath (as he testified and as reflected in numerous exhibits admitted without objection at trial). *See Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019) ("depending on the circumstances, severe pain that is not promptly or adequately

2

treated can present a serious medical need"); *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) ("Despite the repeated complaints about the pain he was suffering from, a jury could find that [defendants] basically did nothing to alleviate that pain, essentially letting [plaintiff] suffer even as his condition was deteriorating."); *see also Brock v. Wright*, 315 F.3d 158, 163–64 (2d Cir. 2003) (noting that "chronic pain the magnitude of which probably falls somewhere between 'annoying' and 'extreme'" precludes summary judgment on issue of risk of serious harm arising from serious medical need (emphasis removed)). He also presented evidence that he received only periodic doses of Tylenol as treatment instead of the hernia surgery and colostomy reversal that he sought. *See McElligott*, 182 F.3d at 1257 (ruling that providing "tylenol and pepto-bismol" alone would allow a jury to conclude that such care "was so cursory as to amount to no care at all"). Plaintiff also presented some evidence from which a jury could conclude that his condition worsened over time as a result of not being adequately treated during the relevant time period from late 2016 to late 2017, namely that his pain increased and that he had worsening symptoms of problems with his hernia and colostomy. Accordingly, there was sufficient evidence for a reasonable jury to find Dr. Rodriguez liable.

As for Dr. Gomez, there was sufficient evidence presented for a reasonable jury to find that she was liable in either her individual or supervisory capacity.[1] Plaintiff presented evidence that he told Dr. Gomez of his pain and that some of his medications were prescribed by Dr. Gomez, and he also submitted an affidavit by Dr. Gomez where she stated that she would have provided more treatment to Plaintiff if she thought it was needed. This provided sufficient evidence for a reasonable jury to conclude that Dr. Gomez was liable in her individual capacity.

Further, there was sufficient evidence for a jury to find that she either personally participated in the violation of Plaintiff's constitutional rights by Dr. Rodriguez or implemented an official policy or custom that resulted in deliberate indifference to Plaintiff's constitutional rights.[2] *See Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007). As recounted above, Plaintiff presented evidence that Dr. Gomez prescribed medication to Plaintiff and signed off on inadequate treatment for his pain. Further, Plaintiff presented evidence that Dr. Gomez, as the Medical Director of the Polk County Jail, was responsible for adopting the official policy at the Polk County Jail that

---

[1] The agreed-upon jury verdict did not ask the jurors to identify whether they found Dr. Gomez liable in her individual or supervisory capacity, so a favorable ruling for Dr. Gomez on the Rule 50(a) motion with regards to one theory of liability would not permit the Court to set aside the jury's verdict.

[2] At the charge conference, Plaintiff conceded that there was not enough evidence to instruct the jury as to several alternate theories of supervisory liability: (1) a history of widespread abuse that put Dr. Gomez on notice of the need to take corrective actions, (2) that Dr. Gomez directed Dr. Rodriguez to take the action that resulted in a violation of Plaintiff's constitutional rights, or (3) that Dr. Gomez knew that Dr. Rodriguez would take actions in violation of Plaintiff's constitutional rights and failed to stop him. As a result, the Court did not instruct the jury as to these three kinds of supervisory liability.

doctors were to treat chronic pain. Plaintiff also testified that there was an unwritten policy that inmates not receive treatment for chronic pain beyond Tylenol and that nonemergency surgeries were not authorized due to expense. Plaintiff also presented evidence that he obtained significant relief after receiving the surgeries he sought but that Defendants refused to send him to a specialist or provide additional pain medication, tending to show that the lack of treatment was the cause of his prolonged pain and, ultimately, quite large hernia. This evidence was sufficient for a jury to conclude that Dr. Gomez was either responsible for failing to implement a policy of treating chronic pain or implemented a policy of not treating chronic pain and that these actions resulted in Plaintiff's lack of treatment, prolonging his suffering and increasing his hernia-related issues. Accordingly, there was sufficient evidence for a reasonable jury to find Dr. Gomez liable in her supervisory capacity.

Therefore, the following is **ORDERED**:

(1) Defendants' Oral Motion for Judgment as Matter of Law (Doc. 212) under Rule 50(a) is **DENIED** subject to the motion being renewed under Rule 50(b).

(2) Based on the jury's verdict, the Clerk is directed to **ENTER FINAL JUDGMENT** in favor of Plaintiff Rickey Christmas in the following amounts:

(a) As to the claim against Luis Rodriguez-Colon:

$100,000 in compensatory damages

$300,000 in punitive damages

      (b) As to the claim against Margie Gomez:

           $50,000 in punitive damages.

(3) The Clerk is further directed to **CLOSE** the case.

**ORDERED** in Tampa, Florida, on April 27, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge